CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 10 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRCT OF VIRGINIA

-------------------------------------------------------x

RUBY GAYLE
361 FLORENCE AVE
WAYNESBORO, VA 22980
　　　　　　VS.
ROBERT P. DWOSKIN esq
205 EAST HGH STREET
CHARLOTTESVILLE, VA 22902

-------------------------------------------------------x

MALPRACTICE

3:11CV398



RECEIVED
JUN 21 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT
## JURISDICTION

The Jurisdiction of this case derived from the original jurisdiction an action that is pursuant to 42 U.S.C.1983, 1985 (3) and the Fourteenth Amendment to the Constitution of the United States and raises issues of original Federal Jurisdiction but ancillary State claim are also raised (Harrisburg Division)

## VENUE

All events in this case took place in the City of Waynesboro, Virginia which is within the venue of this District Court.

## PARTIES

The plaintiff, Ruby Gayle, is a 81 year old African American women who is a resident of the City of Waynesboro. It's her treatment at the hands of the defendant, Robert Dwoskin, acting in his capacity as an Attorney and having a fiduciary duty to represent the plaintiff, this is the basis of this action.

## STATEMENT OF FACTS

On or about October 7, 2008 Robert Dwoskin Esq enter into a contract with plaintiff to prosecute a Civil Action.

1. On the 13th of October 2006, the plaintiff was a driver involved in a minor automobile accident in the intersection of Florence and Fontaine Avenues in the City of Waynesboro.
2. The Waynesboro police Department responded and after determining the plaintiff was at fault demanded that she sign a sign a citation for failure to yield right of way or be place under arrest.
3. The plaintiff, based rightly or wrongly, on her belief of the requirements of her insurance carrier, refused to sign, but was willing to be placed under arrested and go to the station.
4. Officer Fernandez then became aggressive with a 77 year old Senior Citizen and push down on her shoulder and jerked and twisted her arms behind her back to handcuff her.
5. The Son and Daughter, who was present, yelled at Officer Fernandez to stop that she was not resisting and allow her to walk to the police car, which she was willing to do in the first place.
6. As a result of the actions of the defendant Fernandez, the plaintiff suffered sever physical and emotional injury which continue today which were totally unnecessary.
7. The injury to the plaintiff was committed by the defendant Fernandez, while acting under the color of law and as such violated the plaintiff's civil rights to be free from excessive force, as guaranteed under the Fourteenth Amendment to the Constitution of the United States and as such the plaintiff would be entitled to damages for such actions.

8. On May 17, 2007, Robert Dwoskin esq sent a complaint to the Waynesboro police Department summarizing the events of the day and her injuries, but has not heard back from either the Department or the City about her complaint.
9. On April 21, 2009 Magistrate Judge Welsh granted Defendant's Rule 37 motion and precluded plaintiff from presenting medical expenses or any damage experts or testimony at the trial. Which will render plaintiff's case ineffective as a result of not being able to presenting or proving any damages at trial.
10. Defendant recommended to attorney Dwoskin if plaintiff did not file a Rule 41 motion to dismiss. With assurance, from the magistrate judge for request for relief under advisement, including the request for monetary sanctions and attorney's fees against plaintiff.
11. Attorney Dwoskin did not comply with the Scheduling Order concerning expert witness. Attorney Dwoskin was Negligence 5 days to turn said list to defendant which made him culpable in the actions the defendant took concerning the filing of Rule 41.
12. Attorney Dwoskin repeated disregard all correspondence from the Plaintiff concerning the refiling of her Civil Rights violation case against Police Officer Fernandez and the Waynesboro Police Department.
13. Attorney Dwoskin has a fiduciary relationship toward plaintiff, due to his negligence of the handling of the plaintiff's case which prove to be Improper or immoral conduct.
14. The Voluntarily Dismissal, Pursuant to Rule 41 was mailed on July 7th 2009.
15. The Memorandum Opinion, by Samuel G. Wilson United State District Judge states that the Court grants Gayle's Motion to Dismiss without prejudice and finds that the following two condition are proper: (1) Gayle may refile her action only in this district; and (2) upon refiling, gayle must pay the reasonable cost, expenses, and attorney's fees that Fernandez incurred due to gayle failure to comply with the court's scheduling order and participate in Discovery.

**Relief**

The amount Plaintiff is seeking is the sum of 1,000.000 for severe physical and emotional injury and malpractice at the hands of Attorney Robert P. Dwoskin.

Name Ruby Gayle  Ruby Gayle
Address 301 Florence cir Waynesboro Va. 22980
Phone Number 540 949 7756