# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **RUBY GAYLE,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:11cv00078 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| **ROBERT P. DWOSKIN,** | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Ruby Gayle originally filed this action in the United States District Court for the Eastern District of Virginia, Richmond Division on June 21, 2011. However, venue was not proper and by order dated August 8, 2011 the case was transferred to the United States District Court for the Western District of Virginia, Harrisonburg Division. The court granted plaintiff's Application to Proceed in Forma Pauperis on August 9, 2011. However, because the court lacks jurisdiction to hear plaintiff's claim, her case is hereby **DISMISSED WITHOUT PREJUDICE**.

Federal subject matter jurisdiction is created either by a claim arising "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000.00. 28 U.S.C § 1332. A court may consider matters of subject matter jurisdiction sua sponte. Fed. R. Civ. P. 12(h)(3). After considering the plaintiff's complaint, the court determines that it has neither federal question jurisdiction nor diversity of citizenship jurisdiction. Therefore, the court must dismiss this action.

I.      **Federal Question Jurisdiction**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has stated that a case arises under federal law within the meaning of § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, (1983)).

Plaintiff's complaint makes the following claims regarding federal jurisdiction:

> The Jurisdiction of this case derived from the original jurisdiction an action that is pursuant to 42 U.S.C. 1983, 5 and the Fourteenth Amendment of the Constitution of the United States and raises issues of original Federal Jurisdiction but ancillary State claims are also raised.

(Dkt. 8, p. 1.) However, plaintiff has not met her burden of establishing that federal subject matter jurisdiction exists. Plaintiff's complaint alleges that an attorney committed malpractice by failing to successfully sue on her behalf in a prior § 1983 action, including failing to comply with a scheduling order and failing to timely communicate with the plaintiff, which resulted in the case being dismissed without prejudice. Although a § 1983 action would present a federal question, a suit for malpractice with respect to a § 1983 claim is a state law claim. Therefore, the court finds that it does not have jurisdiction to hear this case under 28 U.S.C. § 1331.

II.     **Diversity of Citizenship Jurisdiction**

In order for the Court to have jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiffs and the defendants must be citizens of different states. See 28 U.S.C. § 1332(a)(1). Plaintiff's complaint makes clear that both she and the defendant are citizens of Virginia. Plaintiff states

that she is a resident of Waynesboro, Virginia and she lists the defendant's address as Charlottesville, Virginia. Thus, the court does not have diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Therefore, because the court lacks jurisdiction to hear plaintiff's claim, her case is hereby **DISMISSED WITHOUT PREJUDICE**. A claim of legal malpractice between parties who are both citizens of Virginia is a state common law cause of action which must be heard in state court.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the plaintiff.

Entered: August 15, 2011

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge