IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **RUBY GAYLE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:11cv00078 |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **ROBERT DWOSKIN,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Reconsideration of Memorandum to Dismiss (Dkt. #13), which the court construes as a Rule 60(b) motion for relief from judgment. For the reasons set forth below, the motion is **DENIED.**

**I.**

Plaintiff Ruby Gayle, proceeding pro se, originally filed this action in the United States District Court for the Eastern District of Virginia, Richmond Division, on June 21, 2011. Because venue was not proper, the case was transferred to the United States District Court for the Western District of Virginia, Harrisonburg Division, by Order dated August 8, 2011. The court granted plaintiff's Application to Proceed in Forma Pauperis on August 9, 2011.

Plaintiff alleges in this case that her attorney, Robert Dwoskin, committed malpractice by failing to sue successfully on her behalf in a previous § 1983 action filed in this court. Specifically, plaintiff claims Dwoskin failed to comply with a scheduling order and to communicate with her about her case, resulting in the dismissal without prejudice of the § 1983

action.[1]  See Gayle v. City of Waynesboro, No. 5:08cv00091, 2009 WL 2488963, at *1 (W.D. Va. Aug. 13, 2009).

After reviewing plaintiff's complaint, the court determined sua sponte that it lacked subject matter jurisdiction to hear this claim and dismissed the case without prejudice by Memorandum Opinion and Order entered August 15, 2011.  Plaintiff has sent several letters to the court following the dismissal of her case, and she now moves for reconsideration.

## II.

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure.  See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983).  Pursuant to the Federal Rules, a party can move for a new trial or to alter or amend a judgment pursuant to Rule 59, or move for relief from a judgment or order pursuant to Rule 60.  The Fourth Circuit has held that courts should construe a post-judgment motion for reconsideration filed within 28 days of the entry of judgment as a motion to alter or amend a judgment pursuant to Rule 59(e).  Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."[2]); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate

---

[1]  While the case was dismissed without prejudice, the court's dismissal order requires certain conditions be met before Gayle will be permitted to refile her § 1983 action.  Specifically, she is required: (1) to refile only in this district, and (2) to pay the reasonable costs, expenses and attorney's fees incurred by defendant Officer Eric A. Fernandez due to Gayle's failure to comply with the discovery requirements of the court's scheduling order.

[2]  Post-CODESCO, Rule 59(e) was amended to allow 28 days to file such a motion.

Procedure 4). A motion that is filed later is construed as a Rule 60(b) motion for relief from judgment or order. In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992); Ambling Mmgt. Co., 2010 WL 457508, at *1 n.3.

The court entered its dismissal order in this case on August 15, 2011 (Dkt. #10.) Gayle filed her motion for reconsideration on September 13, 2011 (Dkt. #13), 29 days after the entry of judgment. Thus, Rule 59(e) is inapplicable and Gayle's motion is construed as a motion for relief from a final judgment or order pursuant to Rule 60(b).[3]

The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). In addition to showing exceptional circumstances, a party moving for relief under Rule 60(b) must show timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984). Once the moving party has made such a showing, she must satisfy one of the six grounds for relief from judgment outlined in Rule 60(b).[4] Id. "When making a motion under Rule 60(b), the party moving for relief 'must clearly establish the grounds therefor to the satisfaction of the district court,' and such grounds 'must be clearly substantiated by adequate proof.'" In re Burnley, 988 F.2d at 3 (internal citations omitted). Rule 60(b) does not authorize reconsideration of legal issues already addressed in an earlier ruling. United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982);

---

[3] The August 15, 2011 dismissal order is considered a final judgment pursuant to 28 U.S.C. § 1291 and Rule 54(a), even though it dismisses plaintiff's case without prejudice. Because no amendment to the complaint could cure the defects in plaintiff's case caused by the lack of subject matter jurisdiction, it is an appealable order. See Domino Sugar Corporation v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993) (holding a plaintiff can appeal the dismissal of his complaint without prejudice if the grounds for dismissal clearly indicate that no amendment to the complaint could cure the defects in plaintiff's case).

[4] These grounds include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Barnett v. United States, No. 7:06cv00051, 2007 WL 712288, at *1 (W.D. Va. Mar. 6, 2007) ("[T]he purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling." (citing CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995))).  The rule was not intended as a substitute for a direct appeal.  Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

### III.

In her motion, plaintiff asks the court to reconsider its ruling on subject matter jurisdiction.  Specifically, plaintiff argues that "[t]he jurisdiction of this case derived from the original jurisdiction [of] an action that is pursuant to 42 U.S.C. 1983, 5 and the Fourteenth Amendment of the Constitution of the United States and raises issues of original Federal Jurisdiction but ancillary State claims are also raised." (Dkt. #13, at 1.)  Plaintiff asserts the court's jurisdiction over this malpractice action stems from the prior § 1983 case that gave rise to her claim of malpractice.  She argues that because her prior § 1983 suit and the instant malpractice action arise out of "a common nucleus of operative facts," this court has "the power to hear the nonfederal claims along with the federal ones," and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  (Dkt. #13, at 2.)

Plaintiff fails to make the required showing for relief pursuant to Rule 60(b).  She merely rehashes arguments concerning subject matter jurisdiction that were addressed in the court's prior ruling.  This is not an appropriate basis for relief.  Barnett v. United States, 2007 WL 712288, at *1.

As explained in the August 15, 2011 Memorandum Opinion, plaintiff has not met her burden of establishing federal subject matter jurisdiction exists in this case.  Plaintiff's claim is one of professional malpractice, which is governed by Virginia law.  She does not allege a §

1983 civil rights claim against Dworskin or otherwise raise a question of federal law such that this court has jurisdiction under 28 U.S.C. § 1331.  Despite her assertions to the contrary, the fact that her malpractice claim stems from an allegedly botched prosecution of a § 1983 case does not give rise to federal question jurisdiction.  Nor is there diversity jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff's complaint makes clear that both she and defendant are citizens of Virginia.  Because the court does not have original jurisdiction over plaintiff's claim, the issue of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is inapposite.[5]

Gayle has failed to make the threshold showing under Rule 60(b), let alone satisfy one of the six specific grounds for relief.  Plaintiff's case presents no exceptional circumstances.  There are simply no grounds on which the court may grant relief from its order dismissing Gayle's claim for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt.  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977).  "[W]hen a federal court concludes that it lack subject-matter jurisdiction, the court must dismiss the complaint in its entirety."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  Federal court is not the proper place for plaintiff to pursue her malpractice claim against her former attorney.  As noted in the court's letter response to plaintiff dated September 12, 2011, plaintiff can find her nearest state court, the Circuit Court for the City of Waynesboro, at 250 South Wayne Street, Suite 202, P.O. Box 910, Waynesboro, VA 22980-0910, or by calling (540) 942-6616.

---

[5]  To the extent plaintiff argues that the court has supplemental jurisdiction over this state law malpractice claim by virtue of its original jurisdiction over the § 1983 claim she brought against the City of Waynesboro and others, her argument fails.  Plaintiff's § 1983 claim against the City of Waynesboro has been dismissed, and plaintiff has not reinstituted that action, choosing instead to file this malpractice action against her former attorney.

For the reasons set forth herein, the plaintiff's Motion for Reconsideration (Dkt. #13), which has been construed as a motion for relief pursuant to Rule 60(b), is hereby **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the plaintiff.

Entered:  October 14, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge